UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYNALDO BARRIOS
GONZALEZ,

      Petitioner,

    v.                        Case No.:  2:26-cv-01848-SPC-KRH

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Reynaldo Barrios Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Barrios Gonzalez is a native of Cuba who entered the United States as a refugee on September 21, 1988, and later became a lawful permanent resident. He was convicted of grand theft of a motor vehicle, burglary of a conveyance, and escape from police in 1998.  An immigration judge ordered him removed on November 3, 1999.  The government could not execute the removal order, so it released Barrios Gonzalez on an order of supervision on July 9, 2001.  In 2007, Barrios Gonzalez was convicted on burglary of a habitation and sentenced to 6 years' imprisonment.  ICE detained Barrios Gonzalez in 2010, could not remove him, and released him on another order of supervision.

On November 29, 2025, local law enforcement arrested Barrios Gonzalez—the record does not reflect why.  On January 7, 2026, Immigration and Customs Enforcement ("ICE") took custody of Barrios Gonzalez and notified him it revoked his release because there was a significant likelihood of removal in the reasonably foreseeable future.  ICE initially detained Barrios Gonzalez at Alligator Alcatraz.  In March 2026, ICE took Barrios Gonzalez to the U.S.-Mexico border for third-country removal.   ICE claims Barrios Gonzalez failed to comply with removal but does not explain how.  In any event, ICE returned Barrios Gonzalez to Alligator Alcatraz.  He argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its

statutory purpose of "assuring the alien's presence at the moment of removal."

*Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Barrios Gonzalez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the

removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Barrios Gonzalez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2001 and 2010, and no change in circumstances makes removal more likely now.

The burden thus shifts to the government. ICE points to its March 2026 attempt to send Barrios Gonzalez to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief

under the Convention Against Torture).  ICE makes no attempt to show it has a plan in place to lawfully remove Barrios Gonzalez.

The Court finds no significant likelihood Barrios Gonzalez will be removed in the reasonably foreseeable future.  However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections."  *Id*.  Given Barrios Gonzalez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Reynaldo Barrios Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Barrios Gonzalez poses a danger to the community sufficient to justify continued detention.

2.  Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3.  Barrios Gonzalez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on June 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record